IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ELAINE GRIFFITHS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| TARGET CORPORATION, | § | JURY REQUESTED |
| Defendants. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§1441 and 1446, Target Corporation, ("Target") Defendant in the cause styled "Elaine Griffiths v. Target Corporation," originally pending as Cause No. 401-03781-2012 in the 401st Judicial District Court of Collin County, Texas, files this Notice of Removal of the cause to the United States District Court for the Eastern District of Texas, Sherman Division.

## I.
## BASIS FOR REMOVAL

1.  The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. §1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties. Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §1332.

## II.
## DIVERSITY JURISDICTION

2.  At the time of the accident giving rise to this case, Plaintiff Elaine Griffiths was and is a resident and citizen of the State of Texas.

3.      Target Corporation, at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of Minnesota. Target Corporation has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## THE AMOUNT IN CONTROVERSY

4.      Plaintiff claims she was injured on or about April 4, 2012, at the Target Store located in Allen, Texas. Plaintiff alleges she was reaching for a container of icing from a shelf when another metal container of icing fell from the shelf and struck Plaintiff in the face and mouth. Plaintiff filed suit on April 22, 2008, in the 401st Judicial District Court of Collin County, Texas and alleged causes of action based on breach of contract, negligence, breach of warranty, DTPA and gross negligence.

5.      Plaintiff judicially admitted in her Original Petition that she is seeking damages in excess of $75,000.00. Specifically, Plaintiff pleaded that she seeks to recover the following damages: (1) economic damages in the amount of $23,991.80;[1] (2) "additional damages" under the Texas Deceptive Trade Practices Act "in an amount not to exceed three times the amount of [Plaintiff's] economic damages";[2] (3) "additional damages, not to exceed four times the amount of Plaintiff's actual damages, or $200,000, whichever is greater," to punish Defendant and deter similar conduct in the future;[3] (4) "an award of reasonable and necessary attorney's fees"; and (5) punitive damages "in an amount of at least $200,000.00";[4] and (6) "[c]onsequential damages"

---

[1] See Pl.'s Orig. Pet. at p. 8, ¶ 39 (Attachments at p. 11).
[2] Id. at p. 9, ¶ 41 (Attachments at p. 12)
[3] Id. at p. 9, ¶ 42 (Attachments at p. 12)
[4] Id. at p. 9, ¶ 43-44 (Attachments at p. 12)

for all Plaintiff's causes of action.[5]  As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[6]

## IV.
## REMOVAL IS TIMELY

6.  This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has just become removable." 28 U.S.C. §1446(b).  Target first became aware this case might be removable on October 24, 2012 when Target was served with Plaintiff's Original Petition.  Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendant of the document that first demonstrated the case was removable.  Moreover, more than one year has not passed since the commencement of the action in state court on October 3, 2012.  28 U.S.C. §1446(b).

## V.
## VENUE

7.  Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action is pending.

---

[5] *Id.* at p. 8-9, ¶ 39 (Attachments at p. 11)
[6] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

## VI.
## PROCEDURAL REQUIREMENTS

8. Defendant has filed a Notice of Filing Notice of Removal to Federal Court with the Clerk of the 401st Judicial District Court of Collin County, Texas simultaneously with the filing of this Notice of Removal.

9. Pursuant to Local Rule CV-81, the following documents are attached hereto for the Court's reference:

(1) Certified copy of the state court docket sheet

(2) All pleadings that assert causes of action and all answers thereto;

(3) A copy of all process and orders served upon Defendant;

(4) Case Information, including:

  (a) A list of all parties and current status of the removed case;

  (b) A complete list of attorneys involved, including bar numbers, addresses, telephone numbers, and party or parties represented by him/her;

  (c) A record of which parties have requested trial by jury and

  (d) The name and address of the court from which the case is being removed; and

(5) Civil Cover Sheet.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Eastern District of Texas, Sherman Division.

Respectfully submitted,

_____
**Donna C. Peavler**
Attorney-in-charge
State Bar No. 00783887
dpeavler@peavlergroup.com
**Aaron T. Capps**
State Bar No. 24056815
acapps@peavlergroup.com
THE PEAVLER GROUP, P.C.
3400 Carlisle Street, Suite 430
Dallas, Texas 75204
(214) 999-0550
(214) 999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**
**TARGET CORPORATION**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record:

> Timothy T. Mitchell
> Donna Kaye Rashti
> **Rashti and Mitchell**
> 4422 Ridgeside Drive
> Dallas, Texas 75244

via the certified mail, return receipt requested in accordance with the Federal Rules of Civil Procedure on November 21, 2013.

_____
Donna C. Peavler