THE STATE OF TEXAS
CIVIL CITATION

CASE NO.401-03781-2012

Elaine Griffiths Vs. Target Corporation

In the 401st District Court
Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney
do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were served this citation and petition, a default judgment
may be taken against you."

TO:  Target Corporation
By serving CT Corporation
350 N St Paul Street Suite 2900
Dallas TX 00000, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at
or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of
this citation before the Honorable 401st District Court of Collin County, Texas at the Courthouse of said
County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Timothy T Mitchell  4422 Ridgeside Drive  Dallas TX
75244 (Attorney for Plaintiff or Plaintiffs), on  October 03, 2012, in this case, numbered 401-03781-2012 on
the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition**
accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 4th day of October,
2012.

THIS PROCESS WAS DELIVERED
AT_____115_____O'CLOCK P M
THIS 24 DAY OF OCT, 12
CONSTABLE, PRECINCT 1
DALLAS COUNTY TEXAS

BY_____
            DEPUTY

ATTEST: Andrea Stroh Thompson, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____ Deputy
Robin Whitehead

The law prohibits the Judge and the clerks from giving legal advice, so
please do not seek such advice. Any questions you have should be
directed to an attorney.

NO. 401 03 781 2012

| | | |
|---|---|---|
| **ELAINE GRIFFITHS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **vs.** | § | **COLLIN COUNTY, TEXAS** |
| | § | |
| **TARGET CORPORATION** | § | **401** **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES Elaine Griffiths, Plaintiff herein, complaining of TARGET CORPORATION (herein "Target"), Defendant herein, and for cause of action, would show unto the Court as follows:

**Discovery Control Plan Designation**

     1.     Discovery in this case is intended to be conducted under Level 2, pursuant to Rule 190. of the *Texas Rules of Civil Procedure.*

**Parties**

     2.     Elaine Griffiths, an individual, is a resident of Allen, Collin County, Texas.

     3.     Target Corporation is a foreign company doing business in Allen, Texas and may be served with process by serving CT Corporation 350 N. St. Paul Street, Suite 2900, Dallas, Dallas County, Texas.

**Venue**

     4.     Venue of this action is proper in Collin County, Texas because Plaintiff resides in Collin County, Texas and the events made the basis of this lawsuit and giving rise to Plaintiff's

**4**

cause of action occurred, in whole or in part, in Collin County, Texas.

**Notice and Conditions Precedent**

5.      Defendant was given notice in writing of the claims made in this petition including a statement of Plaintiff's economic damages, mental anguish damages and expenses, including attorney's fees, more than sixty days before this suit was filed in the manner and form required by DTPA §17.505(a).

6.      All conditions precedent to recovery by Plaintiff herein have been performed, have occurred, or have been excused.

**Agency**

7.      Unless otherwise stated, whenever it is alleged that Defendant Target committed an act, failed to perform an act, made a representation or a statement, or failed to make a disclosure, it is alleged that Defendant Target acted or failed to act through its authorized agents, servants, employees or representatives acting with either expressed, implied, apparent, direct and/or ostensible authority, or Target subsequently ratified these acts, failures to act, representations, statements or conduct.

**Facts of Case**

8.      This lawsuit arises out of the following transaction, acts and events: On or about April 4, 2012, Plaintiff was shopping at Target Store #2516 located in Allen, Texas. While shopping at Target Store #2516 Plaintiff reached up to get a container of icing contained in a hard metal container from a shelf at Target. While taking the container of icing contained in a hard metal container from the shelf, one or more additional containers of icing contained in hard metal containers fell from the shelf and struck Plaintiff in the face and in her mouth. Due to

Page 2 of 11

Target's improper stocking of merchandise and/or improper and/or defective store fixtures and/or improper and/or defective management and or risk management by Target, Plaintiff suffered significant injury to her mouth and teeth.  Additionally, Target's authorized agent and/or representative, Sedwick Claims Management Services, Inc., failed to conduct a full and fair investigation of the April 4, 2012 incident, thereby additionally damaging Plaintiff.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

9.      Plaintiff realleges all of the allegations set forth in paragraphs 1-8 herein as if fully copied and set forth at length.  Defendant's sale and display of icing contained in a hard metal container should have been made in a way as to not injure Plaintiff. In particular, the icing contained in a hard metal container should have been displayed on a lower shelf so that if the hard metal icing containers fell, said metal icing containers would not hit a customer in the mouth and face. Defendant displayed soft cardboard cake mix containers below eye level of the customers and could have easily switched the hard metal icing containers to a lower shelf and raised the soft cardboard cake mix containers to the higher shelf, thereby preventing the injuries to Plaintiff.

10.      Defendant breached the contract with Plaintiff by displaying icing contained in a hard metal container for sale in a dangerous manner that injured Plaintiff when Plaintiff attempted to purchase the icing contained in a hard metal container at issue and  by failing give Plaintiff's claims a full and fair review and by denying and refusing to  pay Plaintiff's claims.

11.      Defendant's breach has resulted in damages to Plaintiff for which she sues.

## SECOND  CAUSE OF ACTION: FAILURE TO PROVIDE A FULL AND FAIR REVIEW OF PLAINTIFFS CLAIMS PURSUANT TO AMONG OTHER THINGS THE CONSTITUTIONS OF THE STATE OF TEXAS AND THE UNITED STATES

12.      Plaintiff realleges all of the allegations set forth in paragraphs 1-11  herein as if

Page 3 of 11

fully copied and set forth at length.  Defendant's actions do not constitute a full and fair review

pursuant to applicable law or regulations and the Constitutions of the State of Texas and  the

United States. Likewise, orally providing  false information does not constitute a full and fair

review pursuant to applicable law or regulations and the Constitutions of the State of Texas and

the United States. Likewise, in writing providing  false  information does not constitute a full

and fair review pursuant to applicable law or regulations and the Constitutions of the State of

Texas and the United States.

**THIRD  CAUSE OF ACTION: NEGLIGENCE CLAIM**

13.     Plaintiff realleges all of the allegations set forth in paragraphs 1-12 herein as if

fully copied and set forth at length. Additionally, Defendant Target's actions constitute

negligence. In particular, at all relevant times, Target had a duty to exercise reasonable care in

the display and sale of its icing contained in a hard metal container, including the duty to ensure

that its icing was not, and might not be, unreasonably dangerous to consumers due to way that

the icing was displayed.

14.     Target knew or in the exercise of reasonable care should have known that if its

icing contained in a hard metal container was not properly displayed and sold, such icing

contained in a hard metal container was, or to a material significant degree was likely to be,

unreasonably dangerous to consumers.

15.     Target breached its duties to Plaintiff by failing to exercise ordinary care in the

displaying and sale of its icing contained in a hard metal container, and Target displayed and

sold icing contained in a hard metal container that was dangerous to Plaintiff, Defendant's

customers and the public in general.

16.     Target furthermore had a duty, once it became aware of the unsafe display of its

icing contained in a hard metal container, to remediate and remedy the situation and to make

certain no further dangerous display of icing contained in hard metal containers were displayed in a manner reasonably foreseeable to injure Defendant's customers.

17.   Target breached its duties of reasonable care to Plaintiff by displaying and selling icing contained in a hard metal container that was, or to a materially significant degree was, displayed in a dangerous manner.

18.   Target failed to take reasonable steps or to make appropriate remediation after Target  became aware of the unsafe display of icing contained in a hard metal container.

19.   Target's unsafe display and sale of icing contained in a hard metal container constitutes an unlawful sale of food products, in violation of statutes and regulations and so constitutes a breach of duty subjecting Target  to civil liability for all damages arising therefrom under theories  of negligence and negligence *per se.*

20.   As a direct and proximate cause of  Target's  negligence, Plaintiff has suffered damages and injuries described herein.

**FOURTH  CAUSE OF ACTION: STRICT LIABILITY CLAIM**

21.   Plaintiff realleges all of the allegations set forth in paragraphs 1-20  herein as if fully copied and set forth at length.  Additionally, Defendant Target's actions constitute strict liability.  In particular, at all relevant times, Target is engaged in the business of displaying  and selling products to consumers, including icing contained in a hard metal container.

22.   Target displayed and placed in the stream of commerce the icing contained in a hard metal container that is the subject of this lawsuit.

23.   The icing  contained in a hard metal container  displayed  and sold by Target was, at all relevant times, a "ready to eat" product and was intended and expected to be eaten without being first cooked or heated.

24.     While in Target's control the icing contained in a hard metal container was placed in interstate commerce, and was defective and unreasonably dangerous because the icing contained in a hard metal container was unreasonably dangerous to consumers due to the way that the icing contained in a hard metal container was displayed, namely on a high shelf that could cause injury to Plaintiff's face and mouth as opposed to a lower level, and therefore was not safe for normal handling and consumption, the intended, ordinary and reasonably expected use for which they were displayed and sold.

25.     The icing contained in a hard metal container was expected to and did reach the Plaintiff without a substantial change in the condition in which they were displayed and sold.

26.     Plaintiff could not by the exercise of reasonable care have discovered that the icing she was attempting to buy and consume was unreasonably dangerous because of the way it was displayed.

27.     Target knew that  its icing would be used by consumers, including Plaintiff, without being inspected for defect in the way it was displayed.

28.     Alternate methods of displaying the icing contained in a hard metal container which would be free from inherrant dangers to Plaintiff's teeth and face and gums were available to Target, namely displaying the icing contained in a hard metal container on a lower shelf.

29.     The defective and unreasonably dangerous condition of displaying the icing contained in a hard metal container was a direct and proximate cause of damages and injuries suffered by Plaintiff herein.

**FIFTH  CAUSE OF ACTION: BREACH OF WARRANTY CLAIM**

30.     Plaintiffs reallege all of the allegations set forth in paragraphs 1-29 herein as if fully copied and set forth at length.  Additionally, Defendant Target's actions constitute breach of warranty and Plaintiffs have suffered actual and consequential damages in the amount of the

excess of the jurisdictional minimum of this Court.

## SIXTH CAUSE OF ACTION: DTPA

31.     Plaintiff realleges all of the allegations set forth in paragraphs 1-30 herein as if fully copied and set forth at length.

32.     Plaintiff is a consumer entitled to bring this action for relief under the Texas Deceptive Trade Practices—Consumer Protection Act ( herein the "DTPA"). Plaintiff was "seeking" to acquire good from the Target Store #2515 in Allen, Texas. The actions of Defendant outlined above constitute misrepresentations, breaches of warranties and unconscionable conduct, actionable under the DTPA.

33.     Specifically, Defendant committed the following acts in violation of the DTPA "laundry list," one or more of which was a producing cause of damages to Plaintiff:

(a)     Representing that the goods or services had characteristics, ingredients, uses or benefits which they did not have;

(b)     Representing that goods or services were of a particular standard, quality or grade when they were of another; and

(c )     Failing to disclose information concerning goods or services which was known at the time in order to induce the Plaintiff to enter into a transaction which Plaintiff would not have otherwise entered.

34.     Plaintiff relied on these representations to her detriment.

35.     Further, Defendant violated the DTPA by breaching one or more express or implied warranties.

Page 7 of 11

36.    Defendant's conduct as described herein was a producing cause of damages to Plaintiff.

37.    Further, Defendant's conduct was committed knowingly, entitling Plaintiff to seek the trebling of her actual damages in accordance with the DTPA.

**Damages**

38.    Defendant's acts and omissions as described herein have been a producing cause of damages to Plaintiff.

39.    Plaintiff has suffered economic damages, including but not limited to:

A.    **$23,991.80** being: $12,400.00 in actual damages; and $5,000.00 in pain and suffering and $3,000.00 in mental anguish and $2,733.60 in attorneys fees and expenses as of September 24, 2012. The foregoing damages that Plaintiff has suffered as a result of the defects in Target Store # 2516 and the Incident and the products and/or services provided and the handling of Plaintiff's claim by failing to properly investigate Plaintiff's claim by Target and/or Target's agents and/or representatives and also may include additional consequential damages as well. Plaintiff has already been informed by her dentist that her gum in pulling away from her teeth in the area injured by being hit with icing container. As time passes and additional investigations done, additional defects and damages may come to light and will be set forth in amended and/or supplemental pleadings.

B.    Costs and expenses plus additional amounts for expenses that may accrue incurred as a result of bringing this lawsuit.

10/25/2012                                    000925197F0001                        6020121025004426

C.    Additional amounts for attorneys fees that have and may accrue after September 24, 2012.

D.    Additional consequential damages resulting from Defendant's actions.

40.    These damages are within the jurisdictional limits of this Court.

**Additional Damages and Punitive Damages**

41.    Defendant's conduct in violation of the DTPA was committed knowingly, as that term is defined. Accordingly, Plaintiff seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of her economic damages.

42.    Additionally, Plaintiff seeks an award of additional damages, not to exceed four times the amount of Plaintiff's actual damages, or $200,000, whichever is greater, which in the opinion of the jury is necessary to punish the Defendant and deter similar conduct by Defendant and others in the future.

**Attorney's Fees**

43.    As a result of Defendant's conduct, Plaintiff has been required to obtain the services of the undersigned attorney for the filing, prosecution and trial of this cause, and therefore seeks an award of reasonable and necessary attorney's fees pursuant to applicable law.

**SEVENTH CAUSE OF ACTION: PUNITIVE DAMAGES**

44.  Plaintiff realleges all of the allegations set forth in paragraphs 1-43 herein as if fully copied and set forth at length.  Additionally, Defendant Target's actions and conduct constitute the type of action that is so outrageous that it should be compensated for my additionally awarding punitive and/or exemplary damages.  Plaintiff hereby sues for punitive and/or exemplary damages from Defendant Target in the amount of the excess of the jurisdictional minimum of this Court, in an amount of at least $200,000.00.

Page 9 of 11

**JURY DEMAND**

    **45.**  Plaintiff hereby demands a trial by jury. Pursuant to the Texas Rules of Civil Procedure and the Texas Constitution and/or the United States Constitution, Plaintiffs  make and file this jury demand and hereby requests a trial by jury on this case on all claims so able to be tried.

    **WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recover from Defendant all of her actual damages, additional damages, pre-judgment and post-judgment interest as allowed by law, attorney's fees, costs of court and such other and further relief to which she may show herself justly entitled, as follows:

1. The amount of **$23,991.80** in damages;

2. Actual damages for Defendant breach of the contract;

3. Consequential damages for Defendant's breach of the contract;

4. Actual damages for Defendant's breach of the warranty to Plaintiff;

5. Consequential damages for Defendant's breach of the warranty to Plaintiff;

6. Actual damages for Defendant's negligence to Plaintiff;

7. Consequential damages for Defendant's negligence to Plaintiff;

8. Actual damages for Defendant's strict liability to Plaintiff;

9. Consequential damages for Defendant's strict liability to Plaintiff;

10. Reasonable attorneys' fees for all proceedings herein through trial or hearing as appropriate, appeal and application for writ of error;

11. Prejudgment and post judgment interest at the maximum legal rates, respectively, as provided by law;

10/25/2012

000925197F0001

6020121025004426

12.    Statutory treble damages and/or exemplary damages in an amount set by the
       Court.

13.    Costs of court; and

14.    Such other and further relief, both general and special, at law or in equity, to
       which Plaintiff may show itself justly entitled.

Respectfully Submitted By:

**RASHTI AND MITCHELL**

Timothy T. Mitchell, Esquire
Texas State Bar No. 14223000
Donna Kaye Rashti, Esquire
Texas State Bar No. 16553400
4422 Ridgeside Drive
Dallas, Texas 75244
(972) 490-1929 (telephone)
(972) 503-9611 (fax)
**Attorneys for Plaintiff Elaine Griffiths**

Page 11 of 11

10/25/2012                                   000925197F0001                          6020121025004426